UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE | : | |
| | : | CHAPTER 7 |
| BRENDEN AND JANET FLOYD | : | CASE NO. 14-20927(asd) |
| | : | |
| DEBTORS | : | June 25, 2014 |

### APPLICATION BY TRUSTEE TO EMPLOY AND APPOINT LAW OFFICES OF LINDA S. KAUFMAN, LLC AS SPECIAL ATTORNEY TO THE BANKRUPTCY ESTATE

The application of Anthony S. Novak, Chapter 7 Trustee, pursuant to 11 U.S.C. Section 327, respectfully represents:

1. Applicant is the duly qualified Trustee in this case.

2. It is necessary that your applicant employ an attorney in connection with this case to represent the estate in a personal injury claim against Jessica Castro et al as to the debtor Brenden Floyd pending in New Britain Superior Court entitled Brenden Floyd v. Jessica Castro et al, Docket No. HHB-CV-14-6025395-S.

3. Attorney Linda S. Kaufman is an attorney duly admitted to practice before this Court, and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, and is qualified to act as attorney in this matter, and represents no interest adverse to the Estate.

4. Compensation for said services would be a contingency fee of 33-1/3 percent plus costs and disbursements and will be presented to the Court in an application requesting approval of such fee.

5. Detailed time and expense records will be included with this application for fees, even those based on a one-third contingency.

WHEREFORE, Applicant prays that he be authorized to employ the Law Offices of Linda S. Kaufman, LLC to represent this estate, and that he have such other and further relief as is just.

/s/ *Anthony S. Novak*
Anthony S. Novak
Fed. Bar #ct09074
Chapter 7 Trustee
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE                                             :
                                                  :   CHAPTER 7
BRENDEN AND JANET FLOYD    :   CASE NO. 14-20927(asd)
                                                  :
DEBTORS                                    :

### AFFIDAVIT OF PROPOSED ATTORNEY

STATE OF CONNECTICUT   )
                                                ) ss: West Hartford    June 23rd, 2014
COUNTY OF HARTFORD   )

I, Linda S. Kaufman, hereby make solemn oath:

1. I am an attorney and counselor-at-law, duly admitted to practice in the State of Connecticut.

2. I am over eighteen (18) years of age and believe in the obligations of an oath.

3. I maintain an office for the practice of law at the Law Offices of Linda S. Kaufman, LLC, 1000 Farmington Avenue, Suite 102, West Hartford, CT 06107.

4. I presently have in effect Lawyer's Professional Liability insurance through Leonholm & Keeler, Policy # 42557303 The policy has limits of liability of $ 1M /$ 1M and I will maintain lawyer's professional liability coverage during the pendency of my appointment.

5. I have no connection with Brenden Floyd or Janet Floyd aka Janet Viruet, the above-named Debtors, their creditors or any other party in interest herein or its representative attorneys except for this case.

6. I do not represent or hold any interest adverse to the Debtors or to the Bankruptcy Estate of Brenden Floyd and Janet Floyd upon the matters upon which I am proposed to be engaged, and I am a disinterested person within the meaning of 11 U.S.C. Sec. 101(14).

7. Compensation for said services upon which I am proposed to be engaged regarding this potential action would be a contingency fee of 33-1/3 percent plus costs and disbursements. Detailed time and expense records will be included with this application for fees, even those based on a one-third contingency.

8. I acknowledge that I have no authority to settle any litigation for the bankruptcy estate and that any settlement proposal must be presented, through the bankruptcy estate trustee, to the Bankruptcy Court and is not settled until the Bankruptcy Court enters an Order approving the settlement.

9. I acknowledge that upon the receipt of proceeds from either a judgment or settlement I have no authority to either disperse or retain those proceeds but must immediately (no longer than the second business day after receipt) turn those proceeds over to the bankruptcy estate trustee.

10. I acknowledge that I have no authority to and agree not to issue any 'letters of protection' in connection with any litigation where I represent the bankruptcy estate, and I agree to contact, in writing, any persons where I have previously issued a 'letter of protection' and advise that person or persons that the earlier 'letter of protection' no longer has any validity since the filing of the Debtor Brenden Floyd's bankruptcy petition.

_____
Linda S. Kaufman, Esq.

Subscribed and sworn to before me this 23rd day of June, 2014.

_____
Commissioner of the Superior
Court/Notary Public

DONNA E. DUBY
NOTARY PUBLIC
MY COMMISSION EXPIRES NOV. 30, 2017

-3-

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | :    CHAPTER 7 |
| BRENDEN AND JANET FLOYD | :    CASE NO. 14-20927(asd) |
| | :    RE: Doc ID #____ |
| DEBTORS | : |

### PROPOSED ORDER AUTHORIZING TRUSTEE TO EMPLOY THE LAW OFFICES OF LINDA S. KAUFMAN, LLC AS SPECIAL COUNSEL TO THE ESTATE

Upon consideration of the application of Anthony S. Novak, Trustee, for authority to employ the Law Offices of Linda S. Kaufman, LLC to serve as Special Counsel in connection with this case, and the proposed affidavit of Attorney Linda S. Kaufman and it appearing that he is admitted to practice in this Court, that he represents no interest adverse to this Estate, that his employment is necessary and is in the best interests of the Estate, and no adverse interest appearing, it is

ORDERED that Anthony S. Novak, Trustee, be and is hereby authorized to employ the Law Offices of Linda S. Kaufman, LLC to represent the estate in the personal injury lawsuit of the debtor Brenden Floyd with legal compensation to be contingency based on a 33-1/3 percent of recovery, plus reimbursement of costs and disbursements, subject to the approval of the Bankruptcy Court, with payment only upon proper application to the Court pursuant to 11 U.S.C. §§ 330, 331.